1  Heather M. Vigil, Bar No. 254694
   hvigil@littler.com
2  Alexis M. Schwab, Bar No. 341397
   aschwab@littler.com
3  LITTLER MENDELSON, P.C.
   18565 Jamboree Road
4  Suite 800
   Irvine, California 92612
5  Telephone: 949.705.3000
   Fax No.:   949.724.1201
6
7  Attorneys for Defendant
   IDEMIA AMERICA CORP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO ADRIAN GALINDO, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>IDEMIA AMERICA CORP, a Delaware corporation; LIFE INSURANCE COMPANY OF NORTH AMERICA dba CIGNA, a Pennsylvania corporation; and DOES 1 through 20, inclusive,<br><br>  Defendants. | Case No.<br><br>**DEFENDANT IDEMIA AMERICA CORP'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. SECTIONS 1332(a)(1), 1441(a) AND 1446** |

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF JULIO ADRIAN GALINDO:**

PLEASE TAKE NOTICE that Defendant IDEMIA AMERICA CORP ("Defendant") hereby removes the above-captioned action from the Superior Court of the State of California, County of Los Angeles, to this United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 1332 and 1441(b).

## STATEMENT OF JURISDICTION

1. This Court has original jurisdiction under 28 U.S.C. section 1332(a), and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(b), in that it is a civil action wherein the amount in controversy for the named plaintiff exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and it is between "citizens of different States." As set forth below, this case meets all of Section 1332's requirements for removal and is timely and properly removed by the filing of this Notice.

## VENUE

2. This action was filed in the Superior Court for the State of California, County of Los Angeles. Venue properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 84(c), 1441(a), and 1446(a).

## PLEADINGS, PROCESS, AND ORDERS

3. On August 28, 2023, Plaintiff Julio Adrian Galindo ("Plaintiff") commenced this action by filing a Complaint in Los Angeles Superior Court, entitled *Julio Adrian Galindo v. Idemia America Corp; Life Insurance Company of North America dba Cigna; and Does 1-20 inclusive*, Case No. 23STCV20624. The Complaint asserts the following causes of action against all defendants:

(1) Discrimination in Violation of Gov't Code §§1240 et seq.;

(2) Retaliation in Violation of Gov't Code §§12940 et seq.;

(3) Failure to Prevent Discrimination, and Retaliation in Violation of Gov't Code

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

2

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

§12940(k);

(4) Retaliation in Violation of Gov't Code §§12945.2 et. seq.;

(5) Failure to Provide Reasonable Accommodations in Violation of Gov't §§12940 et seq.;

(6) Failure to Engage in a Good Faith Interactive Process in Violation of Gov't Code §§12940 et seq.;

(7) For Declaratory Judgment;

(8) Wrongful Termination in Violation of Public Policy;

(9) Failure to Pay Wages (Cal. Labor Code §§201, 1194);

(10) Failure to Provide Meal and Rest Periods (Cal. Labor Code §§226.7, 512);

(11) Failure to Provide Itemized Wage and Hour Statements (Cal. Labor Code §§226, et seq.);

(12) Waiting Time Penalties (Cal. Labor Code §§201-203; and

(13) Unfair Competition (Bus. & Prof. Code §17200 et seq.

Attached to the Declaration of Heather M. Vigil ("Vigil Decl.") as **Exhibit A** is a true and correct copy of Plaintiff's Complaint. (Vigil Decl., ¶ 2, Exhibit A.)

4. Attached hereto as **Exhibit B** is a true and correct copy of the Civil Case Cover Sheet and Summons. (Vigil Decl., ¶ 3, Exhibit B.)

5. On August 31, 2023, Defendant was served on through its registered agent. A true and correct copy of the notice of service is attached hereto as **Exhibit C.** (Vigil Decl. ¶ 4, Exhibit C.)

6. Defendant filed and served its answer on October 2, 2023. Attached hereto as **Exhibit D** is a true and correct copy of Defendant's answer. (Vigil Decl., ¶ 5, Exhibit D.)

7. Pursuant to 28 U.S.C section 1446(d), the attached exhibits constitute all process, pleadings, and orders served upon Defendant or filed or received in this action by Defendant. (Vigil Decl., ¶ 6.)

8. To Defendant's knowledge, no further process, pleadings, or orders related

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

3

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

to this case have been served by any party.  To Defendant's knowledge, none of the Doe Defendants have been identified or served to date.  (Vigil Decl., ¶ 5.)

### TIMELINESS OF REMOVAL

9. Defendant was served with Plaintiff's Summons and Complaint on August 31, 2023.  (Vigil Decl., ¶ 3.)

10. Pursuant to 28 U.S.C. section 1446(b) and Federal Rule of Civil Procedure 6(a)(1)(C), this Notice of Removal is therefore timely filed in that it is filed on the first day that is not a Saturday, Sunday or legal holiday thirty (30) days after Defendant was effectively served with the Summons and Complaint and within one year after commencement of this action.

### REMOVAL JURISDICTION PURSUANT TO DIVERSITY JURISDICTION

9. Section 1332(a) provides, in relevant part, as follows: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States[.]"

10. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to Section 1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b) because it is a civil action between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

11. For diversity purposes, a person is a "citizen" of the State in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983).  A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Plaintiff alleges that he is an individual residing in the State of California in the County of Los Angeles and he is therefore a citizen of California.  (Exhibit A, Complaint, ¶ 2.)  *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

4

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

citizenship); *see also State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *see also Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile).  In addition, while employed by Defendant, Plaintiff was a resident of California.  (Declaration of Tiffany Carter, ["Carter Decl."], ¶ 3.)

12. Defendant is not a citizen of California.  "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).

13. The Supreme Court has explained that a corporation's principal place of business is determined under the "nerve center" test.  *See Hertz Corp. v. Friend,* 599 U.S. 77, 80-81 (2010).  Under the "nerve center" test, the principal place of business is the state in which "a corporation's officers direct, control, and coordinate the corporation's activities."  *Id*.  The Supreme Court further explained in *Hertz* that a corporation's nerve center "should normally be the place where the corporation maintains its headquarters" and that a corporation's nerve center is a "single place."  *Id.* at 93.  Under these criteria, Defendant's principal place of business is in Virginia, where it maintains its corporate headquarters and its management functions (finance, legal, human resources, security.)  (Declaration of Julien Lafond ["Lafond Decl."], ¶ 3.)

14. Defendant is a Delaware corporation with a principal place of business in Virginia.  (Lafond Decl., ¶ 4.)

15. Defendant has no information or belief that Plaintiff is a citizen of either Delaware or Virginia.  Thus, Defendant is not a citizen of the State in which this action is pending (California) and is, in fact, a citizen of a different State than that of Plaintiff.

16. Defendant Life Insurance Company of North America is not a citizen of California.  The Complaint identifies Defendant Life Insurance Company of North

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

5

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

America as a Pennsylvania corporation doing business in Philadelphia, Pennsylvania. (Exhibit A, Complaint ¶ 4.)

17. The Complaint names as defendants "Does 1 through 20, Inclusive." Pursuant to 28 U.S.C. section 1441(a), however, the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998). Thus, complete diversity of citizenship exists such that the Court may exercise original jurisdiction pursuant to Section 1332.

18. As more fully set forth below, diversity jurisdiction under Section 1332 further rests with this Court because the amount in controversy in the Complaint exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

16. In order to satisfy the $75,000 amount in controversy requirement, the removing party must demonstrate by a preponderance of the evidence (*i.e.*, that it is more likely than not) that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

17. On the face of the Complaint, Plaintiff seeks payment of meal and rest period compensation of "no less than $19,620" (Exhibit A, Complaint, Prayer, ¶ 2); damages pursuant to Labor Code § 226 in the amount of "no less than $4,000" (*Id.,* ¶ 3); and waiting time penalties pursuant to Labor Code §§201-203 no less than $7,560" (*Id.*, at ¶ 4) for a total of $31,180.

18. In addition, Plaintiff seeks "a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and the loss of earning capacity."

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

6

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

19. Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. § 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). The Court in *Dart Cherokee* explained that the removal statute tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id.* at 84, 87.

20. In measuring the amount in controversy, the Court must assume that the allegations of the complaint are true and that a jury will return a verdict in favor of the plaintiff on all claims asserted in his complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is the amount that is put "in controversy" by the plaintiff's complaint, and not how much, if anything, the defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). In determining the amount in controversy, the Court may consider damages awards in similar cases. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

21. Here, it can be reasonably ascertained from the pleadings and the prayer for relief that the amount in controversy does, in fact, exceed $75,000. In addition to the wage and hour damages of $31,180, Plaintiff seeks general damages, special damages, punitive damages, costs and an award of interest. (Exhibit A, Complaint, Prayer ¶¶ 1, 8, 11, 12).

22. First, compensatory damages are considered when determining the amount in controversy. *Bell v. Preferred Life Assur. Soc'y of Ala.*, 320 U.S. 238, 240 (1943). Here, Plaintiff alleges that he was terminated from his employment on or about December 3, 2021. (Exhibit A, Complaint, ¶ 19.) As of that date, Plaintiff earned an hourly wage of $17.25. (Carter Decl., ¶ 4.) Although Defendant denies that

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

7

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1  Plaintiff is entitled to recover any such damages, assuming that Plaintiff would have
2  continued to work through present, back pay to date based on a full-time schedule
3  would be calculated at approximately $28,290 ($17.25 per hour x 40 hours per week x
4  41 weeks = $28,290).

5      23.  In addition, Plaintiff seeks future economic damages, or front pay, as a
6  result of the alleged wrongs by Defendant. Front pay awards in California frequently
7  span a number of years. *See Smith v. Brown-Forma Distillers Corp.*, 196
8  Cal.App.3d503, 518 (1989) (front pay until mandatory retirement age reached);
9  *Rabago-Alvarez v.Dart Indus., Inc.*, 55 Cal.App.3d 91, 97-98 (1976) (four years). Even
10 conservatively estimating that Plaintiff seeks front pay benefits for only one year, the
11 amount of future income in controversy in this case would equal an additional $33,120
12 (equal to one year's compensation at $17.25 per hour and 1,920 hours worked).

13     24.  In addition, Plaintiff seeks damages for emotional distress and medical
14 expenses. Specifically, Plaintiff claims he suffered "severe and profound pain and
15 emotional distress, anxiety, depression, headaches, tension, and other physical
16 ailments." (Exhibit A, Complaint, at ¶ 33.) These claims further augment his claim
17 for lost income. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295,298 (5th Cir. 1999)
18 (claims for pain and suffering and humiliation may be factored into jurisdictional
19 analysis for purposes of removal); *see also Richmond v. Allstate Ins. Co.*,897 F. Supp.
20 447, 450 (S.D. Cal. 1995) (noting that emotional distress damages, although vaguely
21 pled, were potentially substantial and could factor into amount-in-controversy
22 threshold); *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal.
23 2002) (acknowledging that while plaintiff was only employed by the defendant for
24 four months, "emotional distress damages in a successful employment discrimination
25 case may be substantial" and "may be considered when calculating the amount in
26 controversy even where not clearly pled in the complaint"). In *Kroske v.U.S. Bank
27 Corp.*, 432 F.3d 976 (9th Cir. 2005), the Ninth Circuit upheld the lower court's
28 finding that the amount in controversy had been established. In reaching its holding,

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

8

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id*. at 980. Using the *Kroske* "formula" as a baseline, the emotional distress component of Plaintiff's claims could add at least $25,000 to the amount in controversy, if not more.

25. Plaintiff also seeks to recover the costs of suit and attorneys' fees. (Exhibit A, Complaint, p. 25, 26, Prayer ¶ 1, 11, 12). It is well-settled that, when authorized by statute, attorneys' fees are to be included in the calculation of the amount of Plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met. *Lowdermilk v. U.S. Bank Nat'l Assoc*., 479. F.3d 997, 1000 (9th Cir. 2007); *Kroske*, 432 F.3d at 980; *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir.1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

26. Plaintiff's Complaint alleges violations of the FEHA, which authorizes an award of reasonable attorneys' fees to a prevailing plaintiff. Cal. Gov. Code §12965(b). While Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award. *Simmons v. PCR Tech*., 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that "attorneys' fees in individual discrimination cases often exceed the damages").

27. Any estimate of attorney's fees includes fees over the life of the case, not just the fees incurred at the time of removal. *Fritsch v. Swift Transportation Co. of Arizona*, 899 F.3d 785 (9th Cir. 2018). "Recent estimates for the number of hours expended through trial for employment cases in [the Central District of California] have ranged from 100 to 300 hours. Therefore, 100 hours is an appropriate and conservative estimate. Accordingly, attorneys' fees in [an employment discrimination case alleging wrongful termination] may reasonably be expected to equal at least

$30,000 (100 hours x $300 per hour)." *Sasso v. Noble Utah Long Beach, LLC*, CaseNo. CV 14-09154-AB (AJWx), 2015 U.S. Dist. LEXIS 25921, at *12 (C.D. Cal. March3, 2015) (citations omitted). In fact, the attorneys' fees alone through trial of any cause of action would likely exceed $200,000 and could be many times that amount. *See Flannery v. Prentice*, 26 Cal.4th 572 (2001) (upholding an award of attorneys' fees under the FEHA for $1,088,231); *see also Zissu v. Bear, Stearns & Co.*, 805 F.2d 75(2d Cir. 1986) (upholding award for attorney's fees in the amount of $550,000). Thus, Plaintiff's attorneys' fees award adds, at the least, $30,000 to the amount in controversy, and, in some cases, over $500,000.

20. Finally, Plaintiff seeks such open-ended relief as "any relief that is just and proper." (Exhibit A, Complaint, p. 26, Prayer, ¶ 13.) Although uncertain in amount, these additional damages claims only serve to increase the amount in controversy. *See, Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-934 (W.D. Tenn. 2004) (the "open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that his case met the amount in controversy requirement even though she plead in the complaint that she did not assert a claim in excess of $75,000.)

21. Based upon the pleadings, it does not appear to a "legal certainty that the claim is really for less than" the amount in controversy minimum. *Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001) (*quoting St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). Thus, Defendant has carried its burden of demonstrating by a preponderance of the evidence that the amount in controversy in this matter clearly exceeds the jurisdictional minimum of $75,000.

22. For these reasons, this action is a civil action over which this Court has original jurisdiction pursuant to Section 1332, and which may be removed by Defendant to this Court pursuant to 28 U.S.C. section 1441 based on the existence of diversity jurisdiction.

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

10

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

**NOTICE OF REMOVAL TO PLAINTIFF AND STATE COURT**

23.   Simultaneous with the filing of this Notice of Removal, Defendant has notified the Superior Court, County of Los Angeles, State of California, of removal of this action. No other process, pleadings, or orders have been served or filed in this action.

28.   True and correct copies of the Notice of Removal (with accompanying Exhibits) and the Notice of Filing of Notice of Removal directed to Superior Court will be served upon Plaintiff's counsel and filed with the Court Administrator of the County of Los Angeles, Superior Court in the State of California on this date, in accordance with the provisions of 28 U.S.C. § 1446(d).

WHEREFORE, Defendant respectfully requests that this action, now pending in the Superior Court for the County of Los Angeles, California, be removed to the United States District Court for the Central District of California.

Dated:      October 2, 2023

LITTLER MENDELSON, P.C.

*/s/ Heather M. Vigil*
Heather M. Vigil
Alexis M. Schwab
Attorneys for Defendant
IDEMIA AMERICA CORP

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

11

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

# PROOF OF SERVICE BY MAIL

I am employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 18565 Jamboree Road, Suite 800, Irvine, California 92612. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On October 2, 2023, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**DEFENDANT IDEMIA AMERICA CORP'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. SECTIONS 1332(A)(1), 1441(A) AND 1446**

in a sealed envelope, postage fully paid, addressed as follows:

> Ramin R. Younessi
> LAW OFFICES OF RAMIN R. YOUNESSI
> A PROFESSIONAL LAW CORPORATION
> 3435 Wilshire Blvd., Suite 2200
> Los Angeles, CA 90010
> Telephone: (213) 480-6200
> Email: ryounessi@younessilaw.com
>
> *Attorneys for Plaintiff*
> *Julio Adrian Galindo*

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 2, 2023, at Irvine, California.

Cecilia Mendoza

4869-1215-6032.1 / 103228-1037